UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRETT KIMBERLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-01047-TWP-MJD |
| ) | |
| METROPOLITAN SCHOOL DISTRICT OF ) | |
| WASHINGTON TOWNSHIP SCHOOLS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION TO SEAL**

This matter is before the Court on *pro se* Plaintiff Brett Kimberlin's Motion to Maintain Document under Seal. [Dkt. 31.] For the reasons explained below, the motion is **DENIED**.

**I. Background**

Plaintiff brings this lawsuit against the Metropolitan School District of Washington Township Schools ("School District") and related Defendants. [Dkt. 1.] He alleges that a teacher at his middle school sexually abused him in the late 1960s and that the School District failed to investigate the matter after Plaintiff wrote a letter to the superintendent in June 2024 describing the alleged abuse. *Id.* Based on these allegations, he brings claims under Title IX and the Fourteenth Amendment. *Id.* at ¶¶ 37-71.

Plaintiff did not move to proceed anonymously in this lawsuit, nor did he move to file the Complaint under seal, and his general allegations of sexual abuse are thus currently in the public record. His Response to Defendants' pending Motion to Dismiss references his June 2024 letter to the School District's superintendent, and he has filed a copy of that letter under seal along with the instant Motion to Maintain Document under Seal. [Dkts. 28 at 14; dkt. 30; dkt. 31.] Plaintiff

seeks to maintain the letter under seal because it describes his alleged childhood sexual abuse in greater detail and in more graphic terms than the Complaint. [Dkt. 28 at 14.] Defendants have not filed a response to the Motion to Maintain Documents under Seal, and the time to do so has passed.

## II. Legal Standard

Courts must take care when determining whether to seal documents and thus shield them from the public. This is because "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("It is beyond dispute that most documents filed in court are presumptively open to the public."). This long-standing presumption of public access may be rebutted under certain circumstances, however. For example, a litigant may request to "conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 832 (7th Cir. 2013) Still, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002).

A party may therefore only file a document under seal if it has shown "good cause" to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see In re Bridgestone / Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 198 F.R.D. 654, 656 (S.D. Ind. 2001) ("The good cause determination requires at least 'a description of the documents and the reasons for their sealing.'") (quoting *In re Associated Press*, 162 F.3d 503, 510 (7th Cir. 1998)). It is not enough to merely assert that disclosure would be harmful; a party must explain how disclosure would cause harm. *Baxter*, 297 F.3d at 547.

Moreover, simply designating information as confidential is insufficient to permit under-seal filing, *see Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (explaining that requests to seal documents based on confidentiality orders have been uniformly rejected unless good cause exists), and "[a] protective order does not authorize a party to file a document under seal." Local R. 5-11(d)(1)(D).

### III. Discussion

Having reviewed the sealed letter and other relevant documents in the record, the Court finds that the Motion to Maintain Document under Seal should be **DENIED**. Plaintiff's June 2024 letter to the School District's superintendent is of central importance to this case; indeed, the Defendants' alleged response to the letter forms the basis of Plaintiff's claims under Title IX and the Fourteenth Amendment. *See* [Dkt. 1 at ¶¶ 37-71]. Further, the general allegations set forth in the letter are currently a matter of public record, as they are set forth in the unsealed Complaint in this case, and while Plaintiff may wish to keep more specific details contained in the letter confidential due to embarrassment or general privacy concerns, this is not good cause to deprive the public of its right to access court filings. *See Doe v. Trustees of Indiana University*, 101 F.4th 485, 492 (7th Cir. 2024).

The Court is mindful that Plaintiff is an alleged victim of sexual abuse, and it has taken that factor into account in arriving at this ruling. But the Court has also considered the public's interest in viewing documents that are material to the outcome of court proceedings, the centrality of the letter to this case, and the fact that Plaintiff's allegations of sexual abuse are already in the public record. Given these circumstances, the Court finds that the balance of interests weighs in favor unsealing the letter.

## II. Conclusion

For the reasons set forth above, Plaintiff's Motion to Maintain Document under Seal, [Dkt. 31], is **DENIED**. The **Clerk is directed** to unseal the letter at Docket Number 30. Pursuant to Local Rule 5-11(g), documents ordered unsealed by this Order shall be unsealed after 21 days absent a Fed. R. Civ. P. 72(a) objection, a motion to reconsider, an appeal, or further court order.

SO ORDERED.

Dated: 4 FEB 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

BRETT KIMBERLIN
8100 Beech Tree Road
Bethesda, MD 20817