UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

BRETT KIMBERLIN,
    Plaintiff,

v.                                      No. 1:25-CV-01047-TWP-MJD

METROPOLITAN SCHOOL DISTRICT OF
WASHINGTON TOWNSHIP SCHOOLS,
BOARD OF METROPOLITAN SCHOOL DISTRICT
OF WASHINGTON TOWNSHIP SCHOOLS,
    and
NIKKI WOODSON, Superintendent, in her individual and official capacity
    Defendants.

**PLAINTIFF'S OBJECTION TO MAGISTRATE'S ORDER**

Now comes Plaintiff Brett Kimberlin, pursuant to Fed. R. Civ. P. 72(a), and objects to the Magistrate's February 4, 2026 order recommending denial of Plaintiff's Motion to Seal.

    1. The Magistrate, despite no opposition from Defendants or requests from media organizations, has denied Plaintiff's request to seal an exhibit attached to his Response to Defendants' Motion to Dismiss on the ground that the public's interest in viewing the document outweighs Plaintiff's privacy interests. This District Court should reject the Magistrate's recommendation.

    2. Plaintiff filed the letter under seal for the sole purpose of countering Defendants' repeated misrepresentations that the sexual abuse only occurred off of school property. In that letter, Plaintiff describes many instances where the abuse occurred on school property.

    3. Plaintiff would not have filed the letter with the Court if he believed that it would made public.

    4. Rather than have the letter be made public, if this Court upholds the Magistrate's recommendation, Plaintiff will withdraw that exhibit from his Response, and will replace it with

a sworn Declaration stating that he informed Defendants in that letter that the abuse occurred on and off school property.

5. The Magistrate asserts that the letter is relevant to the case and therefore should be made public. Plaintiff agrees that it is relevant but, at this time, only for the Court's consideration of the Defendants' Motion to Dismiss to address a single issue—whether Plaintiff told Defendants that the conduct occurred on school grounds. Defendants have falsely stated that the abuse only occurred off of school property so Defendants cannot be liable. The letter proves otherwise. It would only become relevant later if this case is tried by a jury, and Plaintiff could object under Fed. R. Civ. P. 412 at that time to showing it to anyone outside of the jury.

6. However, even the Defendants admitted recently in their response to his Motion for ADR that this case would enter settlement discussions after their Motion to Dismiss is decided. If the case were settled, the letter would never become public.

7. The entire country is being inundated with daily nauseating details about the sexual abuse of the Epstein victims. Last week, many of those victims filed motions to seal in federal court in New York after the Department of Justice released the names, photos, and other personal information as part of the Epstein Files Transparency Act. They argued that the disclosure not only violated the Act, but that it re-victimized them, and put them at risk. According to press reports, the Department of Justice has agreed to redact or seal the disclosed information. See attached CNN report from February 3, 2026.

8. In the instant case, the disclosure of the letter would not simply be "embarrassing," as the Magistrate asserted, but it would re-traumatize Plaintiff. In fact, Plaintiff had a panic attack when he read the Magistrate's Order. Plaintiff has alleged in his Complaint that the actions of the Defendants in their handling of his complaint to them amounted to "secondary victimization."

The Magistrate's order, by reducing the effect of disclosure as mere "embarrassment," vastly misunderstands the trauma of sexual abuse. Embarrassment does not even begin to scratch the surface of the emotional and physical impact of such abuse. It is a shadow lurking in every waking and sleeping hour that is only fleetingly set aside with distractions. It is a wound that never heals, yet the Defendants and now the Magistrate want to rip the scab off once again so it bleeds. The disclosure would amount to more secondary victimization.

9. The Magistrate cites Seventh Circuit cases that require a showing of "good cause" before allowing the sealing of an exhibit. Plaintiff's response after reading this was disbelief. He is not seeking to seal an exhibit of a corporate business deal. He is seeking to seal an exhibit setting out in granular detail the sexual abuse of a 14-year-old student by a WTPS teacher. Even in the cases of over 1000 Epstein victims, the details of the abuse are not being made public out of respect for the victims. In Congress, legal filings, and press reports, the abuse is described in euphemisms and generalities rather than graphic detail. Yet, the Magistrate here asserts that Plaintiff has not shown "good cause" for sealing because he has already alleged sexual abuse in his Complaint. However, the Epstein victims already alleged abuse but without the sickening and sordid details of the abuse. Under the Magistrate's rationale, every Epstein victim who complained to law enforcement or Congress has given up her right to shield those details and any reports of interviews with the victims. This is madness and turns victims' rights upside down.

10. The graphic details of sexual abuse by definition amount to "good cause" for shielding them from public disclosure. And when those details happened to a 14-year-old student attending junior high school, the good cause is so evident that it doesn't need any additional explanation. Indeed, under 18 U.S.C. 3509(d)(2) and (3), there is a presumption that details of a minor's sexual abuse will be kept under seal.

11. The Magistrate cites cases requiring a showing of the harm that would occur without sealing. However, in cases of childhood sexual abuse, that is unnecessary because every court in the country can take judicial notice that disclosure of the sordid details of such abuse amounts to harm to the victim.

Wherefore, Plaintiff moves this Court to reject the Magistrate's recommendation and grant Plaintiff's Motion to Seal the letter. If the Court accepts the Magistrate's recommendation, Plaintiff moves the Court to allow him to withdraw the exhibit and replace it with a sworn Declaration stating that the abuse took place on and off of school grounds. In *Doe v. Trustees of Indiana University*, 101 F.4th 485, 492 (7th Cir. 2024), the Court allowed the Plaintiff to either agree to publicly file or dismiss his suit. In *Doe*, the abuse took place when the plaintiff was an adult, and did not involve graphic details of childhood sexual abuse.

Respectfully submitted,

Brett Kimberlin

Certificate of Service

I certify that I mailed a copy of this motion to Jonathan Mayes this 11th day of February, 2026 by first class US mail.

Brett Kimberlin

Brett Kimbeck
8100 Beech Tree Rd
Bethesda, MD 20817



Clerk of the District Court
46 E. Ohio St
Indpls, IN 46204

FILED
FEB 17 2026
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA