**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| BRETT KIMBERLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01047-TWP-MJD |
| | ) | |
| METROPOLITAN SCHOOL DISTRICT OF | ) | |
| WASHINGTON TOWNSHIP SCHOOLS, | ) | |
| BOARD OF METROPOLITAN SCHOOL | ) | |
| DISTRICT OF WASHINGTON TOWNSHIP | ) | |
| SCHOOLS, | ) | |
| DR. NIKKI WOODSON Superintendent, in her | ) | |
| individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S RULE 72 OBJECTION**

This matter is before the Court on *pro se* Plaintiff Brett Kimberlin's ("Kimberlin") Objection to the Magistrate Judge's Order Denying his Motion to Maintain Document Under Seal (the "Objection") (Dkt. 40) filed pursuant to Federal Rule of Civil Procedure 72. For the reasons explained below, Kimberlin's Objection is overruled, but the Court will allow him time to move to withdraw the document at issue before the Clerk unseals it.

**I.      PROCEDURAL BACKGROUND**

Kimberlin initiated this action against his former school district, the Metropolitan School District of Washington Township (the "School District"), the School Board, and Superintendent Nikki Woodson ("Dr. Woodson") (collectively, "Defendants"), alleging that he was sexually abused by a teacher in middle school in the 1960s and that Defendants wrongfully refused to investigate (Dkt. 1). In August 2025, Defendants filed a Motion to Dismiss (Dkt. 20). On October 6, 2025, Kimberlin filed his response to the Motion to Dismiss (Dkt. 28), along with a copy of a letter (the "Letter") that Kimberlin mailed to Dr. Woodson in June 2024, detailing his abuse and

seeking "acknowledgment and compensation" from the School District (Dkt. 30 at 3–8). Kimberlin filed the Letter under seal and submitted a Motion to Maintain Document Under Seal (the "Motion to Seal") (Dkt. 31) as required by the Court's Local Rules.

Kimberlin's non-dispositive Motion to Seal was referred to the Magistrate Judge, and in February 2026, the Magistrate Judge denied the Motion (Dkt. 39). The Magistrate Judge explained:

> Plaintiff's June 2024 letter to the School District's superintendent is of central importance to this case; indeed, the Defendants' alleged response to the letter forms the basis of Plaintiff's claims under Title IX and the Fourteenth Amendment. Further, the general allegations set forth in the letter are currently a matter of public record, as they are set forth in the unsealed Complaint in this case, and while Plaintiff may wish to keep more specific details contained in the letter confidential due to embarrassment or general privacy concerns, this is not good cause to deprive the public of its right to access court filings.
>
> The Court is mindful that Plaintiff is an alleged victim of sexual abuse, and it has taken that factor into account in arriving at this ruling. But the Court has also considered the public's interest in viewing documents that are material to the outcome of court proceedings, the centrality of the letter to this case, and the fact that Plaintiff's allegations of sexual abuse are already in the public record. Given these circumstances, the Court finds that the balance of interests weighs in favor [of] unsealing the letter.

(Dkt. 39 at 2–3). The next month, the Court ruled on Defendants' Motion to Dismiss (among other motions) (Dkt. 41). In ruling on the Motion to Dismiss, the Court did not consider the Letter, nor could it have; except for a few circumstances not present here, courts may not review matters outside the pleadings in ruling on a motion to dismiss. *See* Fed. R. Civ. P. 12(d).

Kimberlin timely filed his Objection to the Magistrate Judge's Order denying the Motion to Seal the Letter, which is now ripe for the Court's review.

## II.    LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct

2

the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly differential, permitting reversal of the magistrate judge's ruling only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong," and the court will not modify a magistrate judge's non-dispositive, pretrial decision "simply because [it has] doubts about its wisdom or think[s] [it] would have reached a different result." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, No. 14-cv-956, 2016 WL 427518, at *1 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

### III.    DISCUSSION

#### A.    Kimberlin's Objection

Kimberlin disagrees with the Magistrate Judge's conclusion that he did not show adequate good cause for maintaining the Letter under seal (Dkt. 40 at 2–3). Kimberlin concedes that the Letter is relevant but clarifies that he intended for the Court to consider the Letter only for purposes of ruling on Defendants' Motion to Dismiss. Kimberlin argues that public disclosure of the Letter would be not only "embarrassing," as the Magistrate Judge noted, but also traumatizing. In support of his Objection, Kimberlin cites recent efforts to seal court filings that contain sensitive information about the victims of Jeffrey Epstein (Dkt. 40 at 2–4; Dkt. 40-1).

3

In ruling on the objection, the undersigned is limited to reviewing the Magistrate Judge's Order for clear error or rulings contrary to law. Kimberlin disagrees with the Magistrate Judge's assessment of how upsetting the unsealing of the Letter would be, and whether the public interest outweighs Kimberlin's interest in privacy, but he does not explain how the Magistrate Judge's assessment was clearly erroneous or contrary to law. The Magistrate Judge carefully balanced the public's right of access to court filings, particularly filings of central importance to a case, against Kimberlin's concerns. In denying the Motion to Seal, the Magistrate Judge remained "mindful that Plaintiff is an alleged victim of sexual abuse, and [took] that factor into account in arriving at [his] ruling." (Dkt. 39 at 3).

The Court sees no clear error or contravention of law in the Magistrate Judge's reasoning or ruling. Further, Kimberlin's attempt to analogize this case to the Epstein cases is unavailing. In those cases, the victims did not file the sensitive documents at issue. Here, Kimberlin himself initiated this public lawsuit about his childhood abuse, mailed the Letter to Dr. Woodson, and then the Letter in this Court. The Seventh Circuit has found that embarrassment alone, is not a sufficient reason to seal its records. *See Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020), citing *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[E]mbarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

Kimberlin has not shown that the Magistrate Judge's Order is clearly erroneous or contrary to law, and the Court therefore **overrules** Kimberlin's Objection.

**B.    Leave to Move to Withdraw Letter**

Kimberlin asks that if the Court overrules his objection, it grant him leave "to withdraw the [Letter] and replace it with a sworn Declaration stating that the abuse took place on and off school grounds." (Dkt. 40 at 4). This request is **granted in part** and **denied in part**. The Court **grants** Kimberlin leave of **fourteen (14) days** from the date of this Entry to file a motion to withdraw the

Letter. The Court **denies** Kimberlin's request to file a replacement document. Documents may not be maintained under seal simply because a party (or even both parties jointly) requests that the documents remain sealed. The Court alone decides whether a filing should be maintained under seal. Going forward, it is unlikely the Court will not permit Kimberlin to withdraw documents that he unsuccessfully moves to maintain under seal. Motions to withdraw are typically reserved for inadvertent filings. They may not be used to withdraw filings that a party simply wishes were no longer part of the record or to circumvent orders denying motions to seal. Mr. Kimberlin should be mindful of these admonishments when filing documents in the future.

## IV.    CONCLUSION

For the foregoing reasons, Kimberlin's Rule 72 Objection to the Magistrate Judge's Order Denying the Motion to Maintain Document Under Seal Dkt. [40] is **OVERRULED**. The **Clerk is directed** to unseal the Letter at Dkt. [30] after **fourteen (14) days**, unless a motion to withdraw the Letter is filed by Kimberlin within that time.

**SO ORDERED**.

Date:    4/3/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

BRETT KIMBERLIN
8100 Beech Tree Road
Bethesda, MD 20817

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
jmayes@boselaw.com