UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRETT KIMBERLIN,                              )
                                             )
                    Plaintiff,               )
                                             )
        v.                                   )        No. 1:25-cv-01047-TWP-MJD
                                             )
METROPOLITAN SCHOOL DISTRICT OF              )
WASHINGTON TOWNSHIP SCHOOLS,                 )
BOARD OF METROPOLITAN SCHOOL                 )
DISTRICT OF WASHINGTON TOWNSHIP              )
SCHOOLS,                                     )
DR. NIKKI WOODSON,                           )
                                             )
                    Defendants.              )

**ORDER TO SHOW CAUSE**

*Pro se* Plaintiff Brett Kimberlin is proceeding against Superintendent Dr. Nikki Woodson

on Fourteenth Amendment claims arising from her alleged failure to investigate and respond to

his report of childhood sexual abuse by a middle school teacher in 1968.  [Dkts. 1, 41.]

Presently before the Court is Plaintiff's motion to amend his complaint to add a

negligence claim against Dr. Woodson for her alleged failure to comply with Indiana's mandatory

reporting statutes.  [Dkts. 49, 56, 56-1]; *see*, *e.g.*, Ind. Code § 31-33-5-1 ("an individual who has

reason to believe that a child is a victim of child abuse or neglect shall make a report as required

by this article").  The Court notes the consistent line of Indiana cases holding that "Indiana does

not recognize a private right of action for failure to report child abuse[.]"  *Sprunger v. Egli*, 44

N.E.3d 690, 691 (Ind. Ct. App. 2015) (cited with approval by *Doe #1 v. Indiana Department of*

*Child Services*, 81 N.E.3d 199, 202 (Ind. 2017)); *see also C.T. v. Gammon*, 928 N.E.2d 847, 854

(Ind. Ct. App. 2010) ("our reporting statutes do not create a civil cause of action for failure to report child abuse or neglect"); *J.A.W. v. Roberts*, 627 N.E.2d 802, 813 (Ind. Ct. App. 1994) ("like the majority of state legislatures, our legislature has declined to codify a civil cause of action against an adult who knowingly fails to report alleged child abuse"); *Bornes ex rel. Borne v. Northwest Allen County School Corp.*, 532 N.E.2d 1196 (Ind. Ct. App. 1989) (holding that a private cause of action for failing to report child abuse did not exist at common law, and that a private cause of action arising from the mandatory reporting statutes would "misdirect judicial time and attention from the very real problems of children in need of services in favor of pursuing collateral individuals . . . on the ground that they knowingly failed to make an oral report. We conclude that was not within the legislative purpose of the act").

In light of this precedent, Plaintiff is **ORDERED TO SHOW CAUSE** by **July 20, 2026**, why his motion to amend the complaint should not be denied as futile. *See Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 94 F.4th 588, 607 (7th Cir. 2024) (leave to amend "may be denied on account of undue delay, prejudice, bad faith or dilatory motives, futility, or judicial economy").

SO ORDERED.

Dated: 29 JUN 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

BRETT KIMBERLIN
8100 Beech Tree Road
Bethesda, MD 20817