UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRETT KIMBERLIN,                                )
                                                )
                        Plaintiff,              )
                                                )
            v.                                  )        No. 1:25-cv-01047-TWP-MJD
                                                )
METROPOLITAN SCHOOL DISTRICT OF                 )
WASHINGTON TOWNSHIP SCHOOLS,                    )
BOARD OF METROPOLITAN SCHOOL                    )
DISTRICT OF WASHINGTON TOWNSHIP                 )
SCHOOLS,                                        )
DR. NIKKI WOODSON,                              )
                                                )
                        Defendants.             )

## ORDER DENYING MOTION TO AMEND THE COMPLAINT

*Pro se* Plaintiff Brett Kimberlin has filed a motion to amend the complaint. [Dkt. 56.]

For the reasons explained below, that motion is **DENIED**.

### I. Legal Standard

Ordinarily, leave to amend a complaint should be freely given "when justice so

requires." Fed R. Civ. P. 15(a)(2). Rule 15(a) "favors amendment as a general matter." *Knowlton*

*v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) (citing *Allen v. Brown Advisory, LLC*,

41 F.4th 843, 853 (7th Cir. 2022)) (in turn citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Nevertheless, "leave may be denied on account of undue delay, prejudice, bad faith or dilatory

motives, futility, or judicial economy." *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 94

F.4th 588, 607 (7th Cir. 2024).

When a plaintiff seeks leave to amend the complaint after the deadline to do so has

passed, he must additionally show "good cause" for the belated filing. *See Alioto v. Town of*

*Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) (citing Fed. R. Civ. P. 16(b)(4)). "The central consideration in assessing whether good cause exists is the diligence of the party seeking to amend." *Allen*, 41 F.4th at 852-53.

## II. Background

Plaintiff is suing the Metropolitan School District of Washington Township Schools ("School District"), the Board of Metropolitan School District of Washington Township Schools ("School Board"), and the School District's Superintendent Dr. Nikki Woodson (collectively "Defendants"). [Dkt. 1.] He claims Defendants failed to adequately respond to a letter he sent Dr. Woodson in 2024 accusing a now-deceased schoolteacher of sexually abusing him while he was a middle school student in the 1960s. *Id.* The teacher's employment with the school ended in 1969, and Plaintiff left the state of Indiana in 1978. *Id.* at ¶¶ 1, 12. Plaintiff currently resides in the state of Maryland, and he does not allege to have any present affiliation with the School District, aside from sending his letter to Dr. Woodson in 2024. *Id.* at ¶ 1. The complaint alleges that rather than investigate his claims, as is required by the School District's own policies, Dr. Woodson and others engaged in an effort to dismiss and cover up his allegations. *Id.* at ¶¶ 30, 31, 36. Based on these allegations, the complaint asserts claims against Defendants under Title IX and the Fourteenth Amendment Due Process Clause and Equal Protection Clause. *Id.* at ¶¶ 37-71.

The Court previously granted the School District's and the School Board's motion to dismiss for failure to state a claim under Rule 12(b)(6) and denied Dr. Woodson's motion to dismiss for untimely service under Rules 4(m) and 12(b)(5). [Dkt. 41.] The Court set a deadline of March 27, 2026, for Plaintiff to file an amended complaint against the School District or the School Board. *Id.* at 15. The Court made clear that if no amended complaint was filed by that

date, then this matter will proceed "only as to [Plaintiff's] Section 1983 claims against Dr. Woodson in her individual capacity." *Id.*

Plaintiff did not file an amended complaint by the March 27, 2026 deadline, and Dr. Woodson subsequently moved to dismiss the remaining claims against her for failure to state a claim on April 10, 2026. [Dkt. 45.] Plaintiff filed a belated response on May 12, which Dr. Woodson has moved to strike. [Dkts. 50, 51.]; S.D. Ind. Local R. 7-1(c)(2) (plaintiffs have 21 days to respond to a Rule 12(b), (e), or (f) motion to dismiss).

On June 3, Plaintiff filed the instant motion to amend the complaint. [Dkt. 56.] The proposed amended complaint seeks to bring claims against Dr. Woodson in her individual and official capacity. [Dkt. 56-1.] Like the original complaint, the proposed amended complaint asserts due process and equal protection claims. *Id.* at ¶¶ 39-66. Unlike the original complaint, the proposed amended complaint asserts an additional claim against Dr. Woodson for negligence. *Id.* at ¶¶ 67-73. The negligence claim alleges that Dr. Woodson failed to comply with Indiana's mandatory reporting statutes, which require school officials and others to immediately report allegations of child abuse to law enforcement. *Id.*; *see* Ind. Code § 31-33-5-1 ("an individual who has reason to believe that a child is a victim of child abuse or neglect shall make a report as required by this article"). It also alleges that Dr. Woodson failed to follow the School District's own policies with respect to allegations of child abuse and that she tried to cover up Plaintiff's allegations. [Dkt. 56-1 at ¶¶ 69-71.]

### III. Discussion

Plaintiff's attempt to amend his claims against Dr. Woodson in her official capacity is untimely. The Court ordered him to amend his complaint against the School District no later than March 27, 2026. [Dkt. 41 at 15.] The claims he seeks to assert against Dr. Woodson in her

3

official capacity are essentially claims against the School District because the School District is her employer. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent") (internal quotations omitted). Thus, his motion to amend his complaint against Dr. Woodson in her official capacity is subject to Rule 16(b)(4)'s heightened good cause standard. *Alioto*, 651 F.3d at 719. Plaintiff argues that he has good cause to amend his complaint because he only recently learned about Indiana's mandatory reporting statutes and an Indiana Supreme Court case in which a school official was criminally prosecuted for failing to immediately report allegations of child abuse to law enforcement. [Dkts. 60; 60-1 (discussing *C. S. v. State*, 8 N.E.3d 668 (Ind. 2014).] But as the Court will explain, that discovery does not establish good cause to excuse the belated filing because Indiana's mandatory reporting statutes do not support a private cause of action. Accordingly, Plaintiff's belated request to assert claims against Dr. Woodson in her official capacity is **DENIED**.

Plaintiff also attempts to amend his claims against Dr. Woodson in her individual capacity by adding a negligence claim based on two theories: First, that Dr. Woodson did not comply with Indiana's mandatory reporting statutes; and second, that she did not follow the School District's own policies concerning reports of child abuse and tried to cover up his allegations when he reported them to her in 2024. *See* [Dkts. 56-1; 61.] As explained below, the Court finds that Plaintiff's proposed negligence claim is futile under either theory.

There is a consistent line of cases holding that Indiana's mandatory reporting statutes do not provide a private right of action. *See Doe #1 v. Indiana Department of Child Services*, 81 N.E.3d 199, 202 (Ind. 2017) (citing with approval *Sprunger v. Egli*, 44 N.E.3d 690, 691 (Ind. Ct. App. 2015); *C.T. v. Gammon*, 928 N.E.2d 847, 854 (Ind. Ct. App. 2010); and *Borne ex rel. Borne*

4

*v. Northwest Allen County School Corp.*, 532 N.E.2d 1196 (Ind. Ct. App. 1989)); *J.A.W. v. Roberts*, 627 N.E.2d 802, 813 (Ind. Ct. App. 1994). Plaintiff's attempt to assert a negligence claim against Dr. Woodson for allegedly failing to comply with Indiana's mandatory reporting statutes is futile because such a claim has no basis in law.

To the extent Plaintiff attempts to assert a negligence claim against Dr. Woodson for failing to comply with the School District's policies concerning reports of child abuse, that attempt is also futile because the proposed amended complaint does not create a reasonable inference that Dr. Woodson owed Plaintiff a duty of care in 2024 to investigate his allegations of abuse occurring in the 1960s. "Indiana recognizes a duty on the part of school personnel to exercise ordinary and reasonable care for the safety of their students." *McClyde v. Archdiocese of Indianapolis*, 752 N.E.2d 229, 232 (Ind. Ct. App. 2001). But, as Dr. Woodson argues in her response brief, the proposed amended complaint does not support a reasonable inference that Dr. Woodson owed Plaintiff this duty when he sent his letter in 2024 because he was not a student at that time and no students were in danger of abuse from the now-deceased accused schoolteacher. [Dkt. 57 at 8-11.] By the time he sent his letter, Plaintiff had not been enrolled in the School District for approximately 50 years, and Dr. Woodson's alleged conduct could not have endangered the safety of the School District's students. Plaintiff's reply does not address this argument, and neither his motion to amend nor his proposed amended complaint supports a theory that school districts or their personnel owe a duty of care to former students to investigate allegations of past abuse.[1] *See generally* [Dkts. 56, 56-1, 60.]

---

[1] Plaintiff styles his tort as "negligence," but to extent he seeks to sue Dr. Woodson for the independent tort of negligent infliction of emotional distress, the Court notes that the facts of this case fall outside the criteria for such claims under Indiana law. *See K.G. by Next Friend Ruch v. Smith*, 178 N.E.3d 300, 307-08 (Ind. 2021) (holding that a negligent infliction of emotional distress claim requires "the commission of a violent tort [by the defendant] in open view, directly observable by the plaintiff (whether the victim or the bystander) either when it occurs or soon after," or the limited circumstance of a parent or guardian learning that a caregiver has sexually abused their child).

5

Plaintiff argues that his proposed amended complaint is not futile because it also includes a due process claim and an equal protection claim based on Dr. Woodson's alleged failure to investigate his report of childhood sexual abuse, which he alleges violated the School District's own policies and amounts to an attempted cover up. [Dkt. 61 at ¶¶ 2, 3.] But the original complaint asserts those same allegations and claims, so an amended complaint is not necessary. [Dkt. 1 at ¶¶ 30, 31, 66-71.]

Given these circumstances, the Court finds that permitting Plaintiff to proceed with a futile claim for negligence against Dr. Woodson in her individual capacity would unduly delay the proceedings and cause unreasonable additional expense to Dr. Woodson. Further, Plaintiff's due process and equal protection claims arising from Dr. Woodson's alleged failure to comply with the School District's policies and attempted cover up are already proceeding in this action, so amending the complaint to add those allegations is unnecessary. Accordingly, Plaintiff's motion to amend the complaint is **DENIED**.

## IV. Conclusion

For the reasons explained above, Plaintiff's motion to amend the complaint is **DENIED**. [Dkt. 56.]

SO ORDERED.

Dated:  27 JUL 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

6

Distribution:

All ECF-registered counsel of record via email

BRETT KIMBERLIN
8100 Beech Tree Road
Bethesda, MD 20817