UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRETT KIMBERLIN<br><br>Plaintiff,<br><br>vs.<br><br>DR. NIKKI WOODSON Superintendent, in her individual capacity,<br><br>Defendant. | ) | CASE NO. 1:25-CV-01047-TWP-MJD |

**Defendant Dr. Nikki Woodson's Response in Opposition to**
**Plaintiff's Objection to Magistrate's Order**

Defendant Dr. Nikki Woodson, in her individual capacity and by counsel, respectfully responds to Plaintiff's Objection to Magistrate's Order ("Objection"). (Dkt. 63.) After receiving Plaintiff's report in 2024 (when Plaintiff was 70 years old) of what he believed occurred in 1968, the matter was reported to law enforcement. This was after a different law enforcement agency was notified in the 1960's. Plaintiff was unhappy with where the investigation went, and so he filed suit. After Plaintiff sought to amend his claims to (1) restate the same claims already before the Court against Dr. Woodson individually under Section 1983, (2) add redundant official-capacity claims under Section 1983 duplicative of the already-dismissed *Monell* claims, and (3) add negligence claims for failure to investigate, the Magistrate Judge denied Plaintiff's Rule 15 motion. The Magistrate Judge correctly noted that there was no need to add claims already discarded by the Court (the official capacity Section 1983 claims) or already before the Court (individual capacity Section 1983 claims). As for the Indiana negligence claims, since Indiana law rejected Plaintiff's view that there was a duty to investigate, the Magistrate Judge found the claims futile. Plaintiff in his Objection presents no clear error, and so his Objection should be overruled.

*First*, as for the Section 1983 claims, the Magistrate Judge correctly concluded that the proposed amended claims were unnecessary. The individual capacity claims were already before the Court, and subject to the pending motion to dismiss. The official capacity claims were the same claims against the School District and School Board already dismissed by the Court. In addition, Dr. Woodson is not a policymaker, so an official capacity claim is improperly asserted against her. The Magistrate Judge's decision should therefore stand.

*Second*, the Court's conclusion that Dr. Woodson had no duty to investigate child abuse and neglect is sound. The Indiana Supreme Court in *C.S. v. State*, 8 N.E.3d 668, 690 (Ind. 2014), said, ""The school administrator, under our statutes, is the 'trip-wire' that triggers the investigation and assessment, not the one who undertakes the investigation and assessment." Rather, "[t]hat responsibility is firmly placed with DCS and law enforcement." *Id.* This determination is fatal to Plaintiff's Objection (and his state-law claims), and he identifies no clear error on this point.

For the forgoing reasons and reasons presented in filings with the Court, Plaintiff's Objections should be overruled.

## I. Rule 72(a) Standard

"After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law." (Dkt. 44 at 3.) "The clear error standard is highly differential, permitting reversal of the magistrate judge's ruling only when 'the district court is left with the definite and firm conviction that a mistake has been made.'" *Id.* (quoting *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)). "To be clearly erroneous, a decision must strike the court as more than just maybe or probably wrong, and the court will not modify a magistrate judge's non-dispositive, pretrial decision simply because it has doubts about its wisdom or thinks it would have reached a different result." *Id.* (quoting *Parts &*

*Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988) (cleaned up). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (quoting *Coley v. Landrum*, No. 14-cv-956, 2016 WL 427518, at *1 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted)).

## II. The individual capacity claims under Section 1983 are the same as the claims already before the Court, and so amendment is futile.

Plaintiff's restated claims against Dr. Woodson in her individual capacity under 42 U.S.C. § 1983 for alleged violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution are before the Court and challenged in Dr. Woodson's Motion to Dismiss. (Dkt. 45; Dkt. 46 and incorporated by reference herein.) The Magistrate Judge recognized that they are the same claims and amending the pleading to add them is pointless. (Dkt. 62 at 6.) In his Objection, Plaintiff does not challenge this determination, and so it must stand.

## III. The Magistrate Judge was right to deny Plaintiff's attempt to add official capacity under Section 1983 that recycled already dismissed *Monell* claims.

On March 13, 2026, the Court granted Plaintiff "leave of fourteen (14) days from the date of this Order to file an amended complaint, if such filing would not be futile." (Dkt. 41 at 15.) The Court then warned that "[i]f nothing is filed by that date," then "[t]his matter will then proceed only as to Kimberlin's Section 1983 claims against Dr. Woodson in her individual capacity,." *Id.* Rather than file an amended complaint in the 14-day period, 82 days later Plaintiff sought to amend his complaint by restating the claims against Dr. Woodson but bringing them against her in her official capacity under 42 U.S.C. § 1983. Plaintiff provides no reason for the untimely filing, and his claims are duplicative of the *Monell* claims against the School District and School Board that the Court dismissed on March 13, 2026. For each of these independent reasons, the Court should

overrule Plaintiff's objections relative to the official capacity claims against Dr. Woodson under Section 1983.

The official capacity claims against Dr. Woodson present the same factual allegations as stated against the School District and School Board, *compare* Dkt. 56-1 *with* Dkt. 1, which the Court already dismissed. (Dkt. 41.) Official capacity claims against an officeholder present the same legal question as a claim against the governmental entity itself. *Knear v. Town of Clarksville, Ind.*, No. 4:11-CV-0138-TWP-DML, 2012 WL 1309845, at *2 (S.D. Ind. Apr. 16, 2012) (Pratt, J.) (cleaned up). The Seventh Circuit explained that "a suit against a government office and the officeholder are identical" and "redundant." *Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013). Public school superintendents are no different. *Orr v. Ferebee*, No. 116CV02610RLYDML, 2017 WL 1509309, at *2 (S.D. Ind. Apr. 27, 2017)("Thus, when, as here, the entity [Indianapolis Public Schools] is also named, the official capacity claim [against the superintendent] is redundant and subject to dismissal."). Since the official capacity claims against Dr. Woodson are duplicative of the *Monell* claims against the School Board and School District, and since the School Board and School District claims under the same theory were dismissed, any redundant official capacity claim against Dr. Woodson is equally futile.

Even if these claims are distinct (they are not), they are still futile by themselves because Dr. Woodson is not a final policymaker. "A local government cannot be held liable for its employees' acts under § 1983 on a theory of respondeat superior; the liability must be founded on an official policy or custom." *Partee v. Metropolitan School District of Washington Township*, 954 F.2d 454, 456 (7th Cir. 1992) (citing *Monell*). "And an isolated decision by a municipal employee or official constitutes official policy only if that official has 'final policymaking authority' for the challenged act under state law." (*Id.*, citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123

(1988)). As the Seventh Circuit in *Partee* held regarding the same school district—the Metropolitan School District of Washington Township—school boards, "not superintendents," are the "final policy making authority" under Indiana law pertaining to enforcement of rules and regulations as well as the "management of the school corporation, its agents, employees and pupils." *Id.*; *see also* IND. CODE § 20-26-5-4(a)(19) (school board has the power "[t]o prepare, make, enforce, amend, or repeal rules, regulations, and procedures … for the government and management of the schools, property, facilities, and activities of the school corporation, the school corporation's agents, employees, and pupils."). Since Dr. Woodson, therefore, is not a policymaker under Indiana law or *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), any official capacity claim against her lacks legal support.

Accordingly, the Magistrate's Judge's decision to deny Plaintiff's effort to add futile claims is not clear error.

**IV. Since Plaintiff's new negligence claims are futile, denial of his request to amend and add these claims was proper.**

Plaintiff's proposed amended complaint, boiled down, alleges, "Defendant Woodson was negligent when she failed to appropriately investigate Plaintiff's complaints, failed to properly ensure that state or local law enforcement authorities followed Indiana law regarding child sex abuse, failed to take other steps to mitigate the harm to Plaintiff, and caused damage to Plaintiff." (Dkt. 56-1 ¶ 38.) Yet Plaintiff's state-law claims conflict with his own allegations that other agencies bear the duty to investigate as affirmed in Indiana law. Indeed, the Magistrate Judge concluded there was no duty under Indiana law for Dr. Woodson to investigate these allegations. (Dkt. 62 at 5.) Simply put, the duty Plaintiff asserts that Dr. Woodson has under state law, which is a central element to his state-law claims, does not exist under Indiana law. Accordingly, the Magistrate Judge's decision to find these allegations futile was not clearly erroneous.

### A. The Indiana standard for state-law claims.

Plaintiff's Objection conflates case law pertaining to claims under federal law while ignoring state courts application of state law duties. His Objection cites numerous federal cases addressing a litany of theories under federal law. *See generally*, Dkt. 63. The only Indiana state case cited is a criminal case addressing the "open courts" clause of the Indiana Constitution. (Dkt. 63 at 4.) None of these authorities are instructive in guiding the Court's analysis of Plaintiff's state-law claims.

The foundational requirement of any tort claim is the existence of a duty. Without a duty, there can be no negligence. *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991). Under Indiana law, a duty arises from a balancing of: (1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy concerns. *Id.*; *see also Craig v. Cornerstone Trading Grp., LLC*, No. 1:23-CV-01575-TWP-MJD, 2026 WL 847722, at *7 (S.D. Ind. Mar. 27, 2026) (applying Indiana law). Indiana law—specifically Indiana Code—addresses this duty. "As a matter of federal procedure, *see Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 537, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), whether a duty exists is a question of law determined by the court." *Jeffords v. BP Prods. N. Am. Inc.*, 963 F.3d 658, 661 (7th Cir. 2020) (applying Indiana substantive law).

### B. Plaintiff misstates the duty of school administrators under Indiana law regarding child abuse and neglect, rendering his claim futile.

Plaintiff's allegations swing from recognizing an investigation occurred to calling the investigation a "sham" to stating that child abuse allegations must be investigated by state officials. Regardless of Plaintiff's inconsistency, Indiana law is clear—Dr. Woodson's obligation regarding child abuse and neglect is to report it, but it is not her responsibility to investigate. Denying Plaintiff's proposed amendment was not clear error.

Indiana Code says that "an individual who has reason to believe that a child is a victim of child abuse or neglect shall make a **report** as required by this article." IND. CODE § 31-33-5-1 (emphasis applied). The report must be made "immediately ... to: (1) the department [DCS]; or (2) the local law enforcement agency." *C.S.*, 8 N.E.3d at 674 (quoting IND. CODE § 31-33-5-4).

Dr. Woodson reported the allegation to law enforcement, consistent with the reporting obligation.[1] (Dkt. 56-1 ¶ 8.) This report was in addition to a prior investigation by another law enforcement agency, the Indiana State Police, that Plaintiff alleged occurred. (*Id.*, ¶ 10.) Reporting to law enforcement, as was done here, satisfies the statutory obligations for mandatory child and abuse reporting. *C.S.*, 8 N.E.3d at 674; IND. CODE § 31-33-5-4. Dr. Woodson has no duty to "ensure that state or local law enforcement authorities followed Indiana law regarding child sex abuse," as Plaintiff alleges. (Dkt. 56-1 ¶ 38.)

But Plaintiff's beef is with the "sham" investigation. He alleges there was no investigation, it was a "sham," and that Dr. Woodson owed him a duty to investigate his complaint. (*Id.* ¶¶ 9, 68, 69). He further alleges that Dr. Woodson breached her duty by not "complying with mandatory investigative procedures," "performing the task of investigating complaints and other information," and "[n]egligently investigating a report[.]" *Id.* at 19-21. "As a direct and proximate

[1] As an academic point, the mandatory child abuse and reporting statute may not apply to Plaintiff's allegations. Indiana Code says that "an individual who has reason to believe that **a child** is a victim of child abuse or neglect shall make a report as required by this article." IND. CODE § 31-33-5-1 (emphasis added). A child for purposes of this statute is a person under 18 years of age. IND. CODE § 31-9-2.1-32. When Plaintiff made his complaint in 2024, he was not a child, and there was no allegation that a child was in harm's way. Even the policy of the Indiana Department of Child Services states that a requirement for screening purposes is that "[t]he alleged victim is under 18 years of age." *See* Section 3.08, Statutory Definition of Child Abuse and/or Neglect (subsequently replaced July 1, 2024) *available at*: https://www.in.gov/dcs/files/3.08-3-18-22.pdf (last visited Aug. 21, 2026). Ultimately it is an academic point since Plaintiff's allegations were sent to the Indianapolis Metropolitan Police Department in addition to previously being investigated by the Indiana State Police.

cause of Defendant Woodson's negligence, Plaintiff was deprived of any meaningful investigation" into the alleged abuse.[2] *Id.* at 21. However, Indiana Code imposes no investigation duty on a school administrator like Dr. Woodson. In fact, school administrators are absolved of such duty.

The Indiana Supreme Court declared in *C.S. v. State*, which Plaintiff cites (Dkt. 60 at 3), that school administrators have no responsibility to investigate child abuse and neglect as that duty falls on the Indiana Department of Child Services or law enforcement. "[I]t is not the school administrator's responsibility to investigate. That responsibility is firmly placed with DCS and law enforcement." 8 N.E.3d at 690. The Court reiterated, "The school administrator, under our statutes, is the 'trip-wire' that triggers the investigation and assessment, **not the one who undertakes the investigation and assessment**." *Id.* (emphasis added).

Indeed, Plaintiff concedes this point in his proposed amended complaint. He explains how child abuse allegations "must be investigated by state officials[.]" Dkt. 56-1 ¶ 7. He reiterates this allegation, "The law enforcement agency, with the department, shall conduct an immediate onsite investigation of the report . . . The law enforcement agency shall investigate . . ." *Id.*, ¶ 2.

The lack of duty to investigate is central to the Magistrate Judge's decision. "To the extent Plaintiff attempts to assert a negligence claim against Dr. Woodson for failing to comply with the School District's policies concerning reports of child abuse, that attempt is also futile because the proposed amended complaint does not create a reasonable inference that Dr. Woodson owed

---

[2] Plaintiff suggests that the Magistrate Judge failed to recognize his negligence claim. (Dkt. 63 at 1.) Not so. "To the extent Plaintiff attempts to assert a negligence claim against Dr. Woodson for failing to comply with the School District's policies concerning reports of child abuse, that attempt is also futile because the proposed amended complaint does not create a reasonable inference that Dr. Woodson owed Plaintiff a duty of care in 2024 to investigate his allegations of abuse occurring in the 1960s." (Dkt. 62 at 5.)

Plaintiff a duty of care in 2024 to investigate his allegations of abuse occurring in the 1960s." (Dkt. 62 at 5.) And that holding is well grounded in Indiana law.

Any attempt by Plaintiff to pursue a claim under a statutory duty created by the child abuse reporting statute is equally unavailing. The Magistrate Judge's decision on this point collects the well-settled authority for this proposition. (*Id.* at 4-5.) Plaintiff does not challenge this ruling. Rather, he pivots to a negligence standard (in addition to the Section 1983 claims). (Dkt. 63 at 2) ("Therefore, even without Section 31-55-5-1, the Complaint still provides a strong basis for the negligence claim, the due process claim, the equal protection claim, and the deliberate indifference claim."). There is no reason to set aside the Magistrate Judge's decision, and the Court should overrule any objection on this point (if there, indeed, is one).

At bottom, the lynchpin in Plaintiff's negligence claims is his assertion that Dr. Woodson breached her duty to investigate child abuse allegations. But Dr. Woodson is "not the one who undertakes the investigation and assessment." *C.S.*, 8 N.E.3d at 690. Since Dr. Woodson's duty is different, and Plaintiff alleges she met that duty, Plaintiff has no claim.

## **Conclusion**

For the reasons stated herein and in other papers filed by the Court by the undersigned, Plaintiff Brett Kimberlin's Motion for Leave to File Amended Complaint was properly denied by the Magistrate Judge, and Plaintiff identifies no clear error that supports sustaining his objections.

Respectfully submitted,

/s/*Jonathan L. Mayes*
Jonathan L. Mayes (#25690-49)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000; (317) 684-5173 Fax
JMayes@boselaw.com

*Attorney for Defendant Dr. Nikki Woodson*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

I further certify that on August 26, 2026, a copy of the foregoing document was mailed by first class mail, postage prepaid and properly addressed to the following parties:

Brett Kimberlin
8100 Beech Tree Road
Bethesda, MD, 20817

/s/*Jonathan L. Mayes*
Jonathan L. Mayes

5325452